**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-cv-00130-GNS-LLK**

**CHRISTOPHER L. YOUNG**                                                                              **PLAINTIFF**

**v.**

**ANDREW SAUL, Acting Commissioner of Social Security**                               **DEFENDANT**

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Supplementary Security Income ("SSI") benefits under Title XVI of the Social Security Act. [Docket Number ("DN") 1]. Plaintiff's fact and law summary and the Commissioner's fact and law summary in opposition are at DN 20 and DN 24. The Court referred the matter, which is now ripe for determination, to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [DN 19].

42 U.S.C. § 405(g) authorizes federal district courts to review the final decision of the Commissioner (in this case, the Administrative Law Judge's ("ALJ's") decision) to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Because Plaintiff's four arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

The ALJ denied Plaintiff's disability claims at the fifth and final step of the five-step sequential evaluation process, which applies in all Social Security disability cases. First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 30, 2017, when he applied for SSI benefits.

[DN 18 at 14].  Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  "Chondromalacia of the patella in both knees, avascular necrosis of the right ankle, status-post arthroscopic chondroplasty of the talus and tibia, and partial synovectomy and sub-chondroplasty of the talus; degenerative disc disease of the lumbar spine and T12 wedge compression deformity; borderline intellectual functioning; major depressive disorder / depressive disorder; and panic disorder."  *Id.* at 14-15.  Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  *Id.* at 15.

As required in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity ("RFC").  Physically, the ALJ found that Plaintiff is limited to sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR 416.967(a) except lift or carry and push or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; never climb ladders, ropes or scaffolds, occasionally climb ramps or stairs; occasionally stoop or crouch; never kneel or crawl; avoid concentrated exposure to vibration, cold, wetness, humidity, and workplace hazards such as unprotected heights or dangerous machinery; and never be required to engage in commercial driving.

*Id.* at 18.  Mentally, the ALJ found that:

> The claimant is limited to simple, routine work tasks, but can maintain attention and concentration for simple tasks for 2-hour segments during an 8-hour workday.  The claimant is able to adapt to gradual changes in a routine work environment, and interact occasionally with supervisors, coworkers, and the general public.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 22.  Fifth, the ALJ found that Plaintiff has not been under a disability since the decision date because there exist a significant number of jobs in the national economy that he can perform.  *Id.* at 23.  Specifically, the ALJ accepted the testimony of a vocational expert that an individual with Plaintiff's RFC can "perform the requirements of … representative occupations such as" Benchwork/Assembly, Packaging/Sorting, and Office Helper.  *Id.*

**New rules for weighing medical opinions apply in this case.**

Plaintiff received treatment for his physical impairments from orthopedic surgeon, Brian Elmlinger, M.D., and treatment for his mental impairments from Tarah Mathews, APRN, PMHNP-BC (advanced practice registered nurse, psychiatric mental health nurse practitioner, board certified).

The ALJ was not required to give the medical opinions of Dr. Elmlinger and the APRN "controlling" or special weight, nor was the ALJ required to give "good reasons" in her written decision for discounting those opinions as required by 20 C.F.R. § 416.927(c).  This is because Section 416.927(c) does not apply in this case because Plaintiff filed his application for SSI benefits on October 30, 2017.  [DN 18 at 12]. *Compare* 20 C.F.R. 416.927(c)(2) (2020) ("For claims filed before March 27, 2017, the rules in this section apply."), with 20 C.F.R. § 416.920c (2020) ("For claims filed on or after March 27, 2017, the rules in this section apply.").

Unlike the rules in Section 416.927(c), the new rules state "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."  20 C.F.R. § 404.1520c(a).  Instead, ALJs will now evaluate the "persuasiveness" of medical opinions in light of by five factors listed in paragraphs (c)(1) through (c)(5).  The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.

"The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2). *Id.*  "Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision." *Id.*  "We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions ... in your case record." *Id.*

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ "erred in failing to find that [he] met Listing 1.02" at Step 3 of the sequential evaluation process.  [DN 20 at 3].

The ALJ acknowledged that Plaintiff suffers from severe, or vocationally significant, impairments affecting his joints:  "Chondromalacia of the patella in both knees, avascular necrosis of the right ankle, status-post arthroscopic chondroplasty of the talus and tibia, and partial synovectomy and sub-chondroplasty of the talus."  [DN 18 at 14-15].

Plaintiff's treating orthopedic surgeon, Brian Elmlinger, M.D., opined that Plaintiff is restricted to sedentary work.  *Id.* at 835.  In April 2019, at Plaintiff's request, Dr. Elmlinger completed the Medical Source Statement.  *Id.* at 833-37.  The form asked Dr. Elmlinger, among other things, how long Plaintiff can sit during an 8-hour workday (continuously and total), and Dr. Elmlinger responded that Plaintiff has "no restrictions."  *Id.* at 835.  The ALJ found Dr. Elmlinger's opinion to be "partially persuasive" and limited Plaintiff to sedentary work.  *Id.* at 18, 21.

In her written decision, the ALJ "reviewed [Plaintiff's] physical impairments using … [Listing] 1.02 (major dysfunction of a joint(s))" and concluded that "the current evidence … fails to establish an impairment that is accompanied by signs that are reflective of listing-level severity."  *Id.*  at 15.  "Also, none of [Plaintiff's] treating or examining physicians of record has reported any of the necessary clinical, laboratory, or radiographic findings specified therein."  *Id.*

Plaintiff is entitled to a conclusive presumption of disability (based on the medical evidence alone) if he shows he suffers from a joint dysfunction that satisfies each of the clinical criteria the following impairment at Listing 1.02 of Appendix 1 of the regulations:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With:
>
> > A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

The Commissioner admits that Plaintiff "uses a boot [on his right ankle] and, sometimes a cane." [DN 24 at 5]. However, "[i]nability to ambulate effectively means an extreme limitation of the ability to walk." Listing 1.00B2b(1). "Ineffective ambulation is defined generally as having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of **both** (emphasis added) upper extremities." Id.

Plaintiff's first argument is unpersuasive for two reasons. First, he identifies no "medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)" as contemplated by the first, introductory paragraph of Listing 1.02. Second, he identifies no evidence of extreme limitation in ability to walk or use of a hand-held device that limits the functioning of both upper extremities as contemplated by Listing 1.00B2b. The Commissioner persuasively argues that Plaintiff "does not satisfy the definition of effective ambulation at 1.00B2b because the assistive device must occupy both hands, such as 'a walker, two crutches, or two canes.'" [DN 24 at 5 quoting Listing 1.00B2b]. Plaintiff has not been prescribed a walker, two crutches, or two canes (except perhaps for a relatively short period of time after orthopedic surgery).

### Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that the ALJ "failed to give appropriate weight to the opinions of Nurse Practitioner, Tarah Matthews of the Adanta Mental Health Group when reaching a determination as to the functional capacity of [Plaintiff]." [DN 20 at 6].

Tarah Mathews treated Plaintiff for his mental impairments. Ms. Mathews holds credentials as an advanced practice registered nurse (APRN) and also as a board-certified psychiatric-mental health nurse practitioner (PMHNP-BC). [DN 18 at 842]. In June 2019, at Plaintiff's request, the APRN completed the Residual Functional Capacity Questionnaire For Psychiatric Disorders. [DN 18 at 838-42]. The APRN diagnosed Plaintiff as suffering from persistent depressive disorder (International Statistical Classification of Diseases and Related Health Problems, 10th revision ("ICD-10" Code F34.1) and panic disorder (ICD-10

Code F41.0)).  *Id.* at 838.  The APRN opined that Plaintiff has moderate restrictions in his activities of daily living but is severely or markedly restricted in the remaining five areas of mental functioning deemed necessary to hold any job.  *Id.* at 842.  In this case, complete acceptance of the APRN's opinion would require an ultimate finding of disability.

The ALJ found the APRN's opinion to be "not consistent with the evidence because [Plaintiff's] mental health treatment records show that overall, he does fairly well, and there is no evidence of psychiatric hospitalizations, etc. [and] he engages in routine activities of daily living [and he] report[s] of generally improved depression and anxiety with medication."  *Id.* at 22.  The ALJ noted that the "State agency psychological consultants opined borderline intellectual functioning, depression, and anxiety non-severe and resulting in mild functional limitations," but the ALJ acknowledged that "the evidence supports greater mental … restrictions," i.e., the restrictions reflected in the ALJ's mental RFC finding (as noted above).  *Id.* at 21.

Because Plaintiff filed his application for benefits on October 30, 2017, [DN 18 at 12], the treating APRN is regarded as an "acceptable medical source."  *See* 20 C.F.R. § 416.902(a)(7) ("Licensed Advanced Practice Registered Nurse, or other licensed advanced practice nurse with another title, [is deemed an acceptable medical source] for impairments within his or her licensed scope of practice (only with respect to claims filed … on or after March 27, 2017)").  However, because Plaintiff filed after March 27, 2017, his claim does not benefit from the old rules for weighing medical opinion at 20 C.F.R. § 416.927(c), which gave preferential weight to treating source medical opinions.  *See* 20 C.F.R. § 416.920c ("For claims filed on or after March 27, 2017, … [w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …, including those from your [treating] medical sources.").

Plaintiff's second argument is unpersuasive because, under the new standards that apply in this case (as discussed in the preceding paragraph), the Court is unable to conclude that the ALJ abused her discretion or committed a reversible error to the extent she gave greater weight to the non-disabling

mental limitations opined by the State agency psychological consultants (plus some additional limitations

acknowledged by the ALJ) than to the disabling limitations opined by Plaintiff's treating APRN.[1]

**Plaintiff's third argument is unpersuasive.**

Third, Plaintiff argues that the ALJ "erred in determining that [Plaintiff] could engage in substantial

gainful activity at the sedentary level."  [DN 20 at 6].

As noted above, Plaintiff's treating orthopedic surgeon, Brian Elmlinger, M.D., opined that Plaintiff

has "no restrictions" regarding his ability to sit.  [DN 18 at 835].  The ALJ found that Plaintiff can perform

sedentary work, including the general requirement that Plaintiff can "stand or walk 2 hours in an 8-hour

workday; sit for 6 hours in an 8-hour workday."  [DN 18 at 18].  *See* Soc. Sec. Rul. 83-10, 1983 WL 31251,

at *5 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of

standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting

should generally total approximately 6 hours of an 8-hour workday.").

According to Plaintiff, substantial evidence does not support a finding that he can stand or walk 2

hours in an 8-hour workday because Dr. Elmlinger opined that he "was unable to stand or walk for that

period of time."  [DN 20 at 7].

Plaintiff's third argument is unpersuasive because Dr. Elmlinger opined that Plaintiff can stand

"up to 5 minutes continuously ad for a total of 2 hours in an 8-hour workday" and can walk "up to 5

minutes continuously and for a total of 2 hours in an 8-hour workday."  [DN 18 at 835].

---

[1] Additionally, Plaintiff argues that "the ALJ failed to consider the opinions of Tarah Mathews [because the ALJ] stated that the evidence does not include evidence of two years of medical treatment for mental health issues even though his mental health care professional stated that he had been treated for over four years and had the severe impairments as set forth in his mental health assessment."  [DN 20 at 6].  Ms. Mathews did, indeed, state that Plaintiff's "symptoms have remained moderate to severe over the 4-year course of treatment despite compliance with medications and therapy."  [DN 18 at 842].  However, this Report concurs with the Commissioner that Plaintiff's argument appears to be "conflating," [DN 24 at 9], the ALJ's consideration of Ms. Mathews' opinions and the ALJ's finding (in a separate part of her decision) that Plaintiff's mental impairments do not satisfy the Listing, in part, because the "record does not include evidence of two years of medically documented history and evidence of both 1) medical treatment … and 2) marginal adjustment."  [DN 18 at 16].

**Plaintiff's fourth argument is unpersuasive.**

Four, Plaintiff argues that the ALJ "erred in failing to consider the combined effects of [his] impairments." [DN 20 at 7].

The ALJ was required to "consider the combined effect of all [Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923(c). However, the ALJ's discussion of multiple impairments does not imply that the ALJ failed to consider the effect of impairments in combination. *Burton v. Comm'r*, 702 F. App'x 436, 437 (6th Cir. 2017). It is sufficient that (as in this case) "the ALJ's decision explicitly considered which jobs [Plaintiff] could be expected to perform in light of [her] ... severe 'impairments' [plural]." *Id.*

### RECOMMENDATION

Because Plaintiff's four arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

May 18, 2021

Lanny King, Magistrate Judge
United States District Court

### NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

May 18, 2021

Lanny King, Magistrate Judge
United States District Court

8